UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ALEXIS ROMERO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CENTRAL NATIONAL GOTTESMAN INC,

Defendant.

**OPINION & ORDER**

26 Civ. 3747 (JGLC)(JCM)

-----------------------------------------------------------------x

SAMANTHA CAMPBELL, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CENTRAL NATIONAL GOTTESMAN INC,

Defendant.

26 Civ. 3756 (JGLC)(JCM)

-----------------------------------------------------------------x

On May 6, 2026, Plaintiff Alexis Romero, individually and on behalf of all other similarly situated individuals, commenced this putative class action against Defendant Central National Gottesman, Inc. arising from an alleged data breach on March 2, 2026, resulting in the unauthorized disclosure of Plaintiff's personal information maintained by Defendant. (Docket No. 1 ¶¶ 1-18) [1] (the "*Romero* Action"). The same day, Plaintiff Samantha Campbell, individually and on behalf of all others similarly situated, filed a separate putative class action against Defendant, asserting identical claims as a result of the same alleged data breach. *See*

[1] All docket citations refer to entries in the *Romero* Action. In addition, all page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

*Campbell v. Cent. Nat'l Gottesman, Inc.*, No. 7:26-cv-03756 (JGLC)(JCM) (S.D.N.Y.) (the "*Campbell* Action"). Plaintiffs in the *Romero* Action and the *Campbell* Action ("Plaintiffs") filed the instant motion to consolidate both actions and to appoint interim co-lead counsel. (Docket No. 18). The motion to consolidate is unopposed, and Defendant takes no position on the motion to appoint interim co-lead counsel. (*Id*. at 2). For the reasons that follow, both motions are granted.[2]

## I. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "In determining whether to consolidate actions, courts may consider 'judicial economy,' which favors consolidation, but must ensure that consolidation will not jeopardize 'a fair and impartial trial.'" *Navarro v. Oscar Health, Inc.*, 26 Civ. 2861 (JPC), 26 Civ. 3008 (JPC), 2026 WL 1584663, at *2 (S.D.N.Y. June 3, 2026) (quoting *Johnson*, 899 F.2d at 1285). Moreover, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

Under Federal Rule of Civil Procedure 23(g)(1)(a), courts may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(1)(a). Interim class counsel "must fairly and adequately

[2] An order on a motion to consolidate and appoint lead counsel is nondispositive. *See Dimitrov v. United States*, Civil Action No. 25 Civ. 7420 (JHR)(SLC), 2026 WL 228448, at *1 n.1 (S.D.N.Y. Jan. 28, 2026); and *Katz v. Marex Grp. PLC*, 818 F. Supp. 3d 591, 600 n.3 (S.D.N.Y. 2026). Thus, the Court issues this Opinion and Order, rather than a Report and Recommendation.

represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In appointing interim class counsel, courts consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions . . . and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

## II. DISCUSSION

### A. Consolidation

Plaintiffs maintain that consolidation is appropriate here because the two cases "arise from the same questions of law and fact [and] from the same event, involving alleged exposure of personal information maintained by Defendant . . . and assert similar theories of Plaintiffs' and putative class members' entitlement to relief." (Docket No. 18 at 2-3). Plaintiffs further assert that "consolidating the cases will serve the interests of convenience, judicial economy, and cost reductions, and will not risk prejudice to any party," and "will allow for coordinated motion and discovery practice as well as trial proceedings." (*Id.* at 3). The Court agrees.

Here, both actions involve claims that Defendant failed to protect Plaintiffs' personal information during the same alleged data breach, thus, the Court finds that these actions are "sufficiently related to justify consolidation, in the interest of justice and to avoid overlap and undue expense." *McChesney v. Hogan*, Nos. 9:08–CV–1186 (NAM/DEP), 6:08–CV–1290 (DNH/DEP), 2009 WL 607398, at *2 (N.D.N.Y. Dec. 23, 2008), *report and recommendation adopted*, 2009 WL 607398 (N.D.N.Y. Mar. 9, 2009). Furthermore, Defendant does not oppose consolidation, (Docket No. 18 at 2), and thus, no party would be prejudiced by consolidating the

actions. Moreover, consolidation will promote judicial economy, ensure a coordinated discovery schedule and motion practice, and avoid inconsistent rulings. *See Navarro*, 2026 WL 1584663, at *2 (noting that "consolidation will promote judicial convenience and economy, while also avoiding unnecessary costs to the parties."). Finally, there is no indication that consolidating these actions will result in an unfair trial.

Accordingly, Plaintiffs' unopposed motion to consolidate is granted and the *Romero* Action is deemed the lead case.

**B. Appointment of Interim Class Counsel**

Plaintiffs request that the Court appoint Leanna A. Loginov of Shamis & Gentile, P.A., and Mariya Weekes of Milberg, PLLC, as interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g). (Docket No. 18 at 1). Upon review of the instant application, the Court finds that Ms. Loginov and Ms. Weekes meet the four factors enumerated in Rule 23(g).

Regarding the first factor, courts must consider "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Plaintiffs' proposed interim co-lead counsel "each conducted their own thorough and independent investigation of the data breach that gave rise to this class action," as well as its effect on Plaintiffs' private information. (Docket No. 18 at 4-6). Considering their extensive knowledge of the underlying facts, pertinent issues, and alleged injuries to Plaintiffs, the Court "is satisfied that the work done thus far by the Proposed Interim [Co-Lead] Counsel in identifying or investigating potential claims weighs in favor of their appointment as interim lead counsel." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).

The second and third factors are "counsel's experience in handling class actions . . . and the types of claims asserted in the action; [and] . . . counsel's knowledge of the applicable law."

Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). Ms. Loginov, a partner at Shamis & Gentile, P.A., "has extensive experience in the realm of data privacy litigation, including actively litigating over a hundred data breach class actions throughout the country" and has been appointed lead or co-lead counsel in several other data breach class actions. (Docket No. 18 at 6-9). In addition, Ms. Weekes, a former Florida State Circuit Court Judge and current partner at Milberg, PLLC, has "extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country." (*Id.* at 9-12). Thus, the Court finds that both Ms. Loginov and Ms. Weekes "have deep knowledge not only of class action law and procedure, but also of substantive [consumer protection and data privacy] law." *In re: Int. Rate Swaps Antitrust Litig.*, 16-MD-2704 (PAE), 16-MC-2704 (PAE), 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016). The Court also finds that proposed counsel "will fairly and adequately represent the interests of the putative class as interim class counsel." *Mogull v. Pete & Gerry's Organics, LLC*, 21 CV 3521 (VB), 2022 WL 4661454, at *2 (S.D.N.Y. Sept. 30, 2022).

The final factor that courts must consider is "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed interim co-lead counsel assert that they have already committed and will continue to commit financial resources to see this litigation through its conclusion, including trial. (Docket No. 18 at 12-13). In addition, they maintain that "their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class." (*Id.* at 12). Therefore, the fourth factor is met.

Accordingly, Plaintiffs' motion to appoint Ms. Loginov and Ms. Weekes as interim co-lead counsel is granted.

## III. CONCLUSION

Thus, Plaintiffs' motion to consolidate and appoint interim co-lead counsel is granted. The Court will issue a separate order consolidating both actions and appointing interim co-lead counsel.

The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 18).

Dated: July 22, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge